IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ricky Antonio Holmes, # 931415, | ) | C/A No.: 1:19-2983-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER AND NOTICE |
| | ) | |
| Aiken County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Ricky Antonio Holmes ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983, alleging a violation of civil rights against Defendant Aiken County Detention Center ("Detention Center"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff is a pretrial detainee incarcerated at Detention Center. [ECF No. 1 at 2, 4]. Plaintiff alleges that on August 21, 2019, he was placed in a cell with three other inmates and only two beds. *Id.* at 5, 6, 7, 8. He claims the cell had a non-operational emergency intercom and mold growing from its walls. *Id.* Plaintiff complains of access to only two working showers with mold

growing from their walls. *Id.* at 6, 7, 8. He indicates Detention Center serves food that is cold and meat that is not fit for human consumption. *Id.*

Plaintiff alleges he has verbally requested transfer from his cell, complained of conditions to Detention Center's employees, and filed grievances through Detention Center's kiosks. *Id.* at 5, 8, 9. He states conditions have failed to improve despite his complaints. *Id.*

Plaintiff states Defendant has violated "my Living Constitution As well As my Inmate Rights." *Id.* at 4. He requests no specific relief.[1] *See id.* at 6.

## II.    Discussion

### A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim

---

[1] Plaintiff states Detention Center "need[s] a better menu," but does not request the court order any specific relief with respect to the food provided.

based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.      Analysis

1.      Failure to Sign Complaint

Plaintiff has failed to sign the complaint. *See* EFC No. 1 at 12. Pursuant to Fed. R. Civ. P. 11(a), "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented . . . . The court must strike an unsigned paper unless the omission is promptly corrected after

being called to the . . . party's attention." Therefore, Plaintiff's complaint is subject to summary dismissal based his failure to comply with Fed. R. Civ. P. 11(a).

2.      Failure to Demand Relief Sought

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. A complaint must also contain "a demand for the type of relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he was injured by "the

_____

[2] Plaintiff's Complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The

4

deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

---

purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

Plaintiff has named Detention Center as the defendant in this matter and has failed to specify the relief sought in the complaint. Plaintiff's complaint is subject to summary dismissal based on his failure to specify the relief sought.

Should Plaintiff amend his complaint to request monetary damages, his complaint will be subject to dismissal because Detention Center is not a "person" amenable to suit for monetary damages under § 1983.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by November 12, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

October 22, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge